UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 3 0 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| Edward Paredes, | § | |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | CIVIL ACTION NO. H-04-4705 |
| | § | |
| Jo Anne B. Barnhart, | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Plaintiff Edward Paredes brings this action pursuant to 24 U.S.C. § 405(g), challenging Defendant Jo Anne B. Barnhart's ("the Commissioner") final decision to deny Paredes disability benefits under Title XVI of the Social Security Act, *id.* §§ 401 *et seq.* Paredes has filed a brief, Docket No. 25, that requests reversal of the Commissioner's decision and judgment for Paredes. The Court reads this request as a motion for summary judgment. The Commissioner has also filed a motion for summary judgment, Docket No. 28. After considering the parties' filings and the applicable law, the Court finds that Paredes's motion should be and hereby is **DENIED**. The Commissioner's motion should be and hereby is **GRANTED**.

## I.    BACKGROUND

In 2001, Paredes applied for Social Security disability benefits, citing diabetes mellitus, hypertension, knee and back problems. Paredes claimed, *inter alia*, that he was five feet, seven inches tall, weighed between 270 and 275 pounds, and suffered constant pain and intermittent knee failures, which kept him from lifting heavy objects, walking more than a block, or sitting or standing for extended periods of time. After an

administrative hearing, an Administrative Law Judge (ALJ) found that Paredes was not disabled, because he was capable of performing sedentary work. Paredes filed a request for administrative review, which was denied. Paredes then filed this suit.

## II. ANALYSIS

Paredes argues that the ALJ erred in two ways: by rendering a decision unsupported by substantial evidence and by misapplying the relevant law. (Pl.'s Br. at 7.) First, Paredes claims that the ALJ improperly discredited Paredes's complaints of disabling pain on the ground that they were not credible in light of the medical evidence. (*Id.* at 8.) The Commissioner counters that "[t]he mere existence of pain is not an automatic ground for obtaining disability benefits" and that the ALJ accorded sufficient weight to Paredes's claims of pain. (Def.'s Resp. to Pl.'s Mot. for Summ. J. at 5). Second, Paredes contends that the Commissioner failed to apply the correct legal standard to evidence of Paredes's obesity. (Pl.'s Br. at 12.) The Commissioner replies that Paredes has failed to demonstrate that he was prejudiced by the ALJ's failure to mention his obesity. (Def.'s Resp. at 8.) The Court examines each issue in turn.

### A. The ALJ's Decision Is Supported by Substantial Evidence

As both parties agree, the Court may overturn a disability decision on the ground of no substantial evidence "only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (internal quotation marks omitted). The Court therefore must review the five-step evaluation undertaken by the ALJ. *Id.* at 344. The Court may not, however, review the ALJ's decision *de novo* or substitute its judgment for his, even if the evidence preponderates against the [ALJ's] decision." *Id.* at 343.

The five-step administrative evaluation process comprises the following elements:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
2. An individual who does not have a "severe impairment" will not be found to be disabled.
3. An individual who meets or equals a listed impairment in appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.
5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Id.* at 344. In this case, the ALJ found at the fifth step that, even though Paredes's impairment precluded him from performing the work he had performed in the past, he was capable of performing other jobs—namely, sedentary jobs—that are widely available in the national economy. Paredes challenges that finding, alleging that it is predicated on an erroneous assessment of his residual functional capacity.

Paredes claims to suffer from constant and debilitating pain. He argues that the ALJ erred in finding this testimony to be inconsistent with the medical evidence and discounting its credibility. (Pl.'s Br. at 8.) As the Commissioner points out, however, the ALJ did not completely discredit Paredes's complaints of pain. (*See* Def.'s Resp. at 4.) Rather, the ALJ found that Paredes suffers from "mild to moderate" pain and discomfort. (R. at 22.)

Pain constitutes a disabling condition only "when it is constant, unremitting, and *wholly unresponsive* to therapeutic treatment." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (emphasis added; internal quotation marks omitted). Paredes himself admits that "his pain medications . . . dull the pain." (Pl.'s Br. at 6.) Furthermore, the ALJ noted

that Paredes "did not seem to be in pain or discomfort during the hearing" (R. at 22.),

that there was no evidence that Paredes had ever reported to his doctors his alleged need

to lie flat four to five times per day (R. at 21), that he was able to walk and stand in the

office setting without assistance (*id.*), that his diabetes mellitus was stable (*id.*), that he

had good range of motion and strength in his upper extremities (*id.*), and that there was

no evidence that he suffered from organ damage (*id.*). Each of these conclusions

supports the ALJ's ruling, and Paredes does not claim that any of them is incorrect.

Therefore, he has failed to carry his burden of showing that the ruling was unsupported

by medical evidence contrary to his disability claim.

## B.    The ALJ Applied the Proper Legal Standard

Paredes also argues that the ALJ's opinion misapplies the law, because it does not

mention Paredes's obesity. (Pl.'s Br. at 13.) The parties agree that Social Security

Ruling 02-1p requires an ALJ to consider evidence of obesity along with all other

evidence of impairment when determining residual functioning capacity. S.S.R. 02-1p

(Cum. Ed. 2002). (*See also* Def.'s Resp. at 8; Pl.'s Reply Br. at 1.) The Commissioner

asserts that the ALJ's failure to mention obesity in his opinion does not constitute

reversible error. (Def.'s Resp. at 8.)

The Commissioner is correct. Contrary to Paredes's contention that his failure to

raise the issue of disability is "not . . . a material factor" (Pl.'s Reply Br. at 2), the

responsibility rests with a disability claimant to bring to the ALJ's attention all relevant

claims and evidence of disabilities:

> In general, you have to prove to us that you are blind or disabled.
> Therefore, you must bring to our attention everything that shows that you
> are blind or disabled. This means that you must furnish medical and other
> evidence that we can use to reach conclusions about your medical

impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. *We will consider only impairment(s) you say you have or about which we receive evidence.*

20 C.F.R. § 404.1512 (2005) (emphasis added). Even when a disability applicant is unrepresented, and therefore the ALJ's obligation to develop the record fully "rises to a special duty," the applicant bears the burden of showing that the ALJ's failure to fulfill his duty was not harmless. *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). Such a claimant "must show that, had the ALJ done his duty, [the claimant] could and would have adduced evidence that might have altered the result." *Id.*

Because Paredes was represented by counsel during the administrative hearing and appeal, the ALJ owed him no special duty. Paredes was required to adduce evidence of all claimed disabilities. Paredes concedes that he did not allege disability due to obesity during the administrative proceeding. Rather, he merely stated that he is five feet seven inches tall and weighs between 270 and 275 pounds. (Pl.'s Reply Br. at 2.) Because Paredes's mere recitation of his height and weight did not constitute a claim of disability due to obesity, the ALJ's opinion is not reversible for failure to apply the proper legal standard.

**CONCLUSION**

Paredes's Brief, Docket No. 25, is construed as a motion for summary judgment and is hereby **DENIED**. Defendant's motion for summary judgment, Docket No. 28, is hereby **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the _30_ day of _Sept._ , 2005.

_[signature]_
_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**